IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WORCESTER COURTHOUSE)

| | |
|---|---|
| LEAH SAAD | * |
| | * |
| *On Behalf of Herself and All* | * |
| *Other Similarly Situated Individuals* | * |
| | * |
| PLAINTIFF, | * |
| | * |
| v. | *   Case No.: |
| | * |
| JOLO, INC. | * |
| D/B/A HURRICANE BETTY'S | * |
| | |
| And | * |
| | * |
| MYLES O'GRADY | * |
| 27 Rolling Lane | * |
| Needham, Massachusetts 02492 | * |
| | * |
| DEFENDANTS. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CLASS AND COLLECTIVE ACTION COMPLAINT

1. This is a class and collective action brought by Plaintiff Leah Saad ("Plaintiff") against Defendant Jolo, Inc. d/b/a Hurricane Betty's Gentlemen's Club located at 350 Southbridge Street, Worcester, Massachusetts 01608 (hereafter "the Club") and its individual owner and controlling officer Myles O'Grady, individually ("O'Grady") (together, "Defendants")

2. During the relevant time period of July 2017 through the date of judgment in this case ("the wage claim relevant period"), Plaintiff and other similarly situated individuals worked as exotic dancers for Defendants at their Hurricane Betty's Gentlemen's Club in Worcester, Massachusetts, and were denied their fundamental rights under applicable state and federal laws.

3. During the wage claim relevant period, Defendants willfully and intentionally violated the wage payment and wage/gratuity retention rights of Plaintiff and all other exotic dancers at

the Hurricane Betty's Club in direct violation of the Federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Massachusetts Minimum Wage Law, Mass. Gen. L. C. 151 §§ 1 and 7 ("MMWL"), and the Massachusetts Tips Law, Mass. Gen. L. c. 149 § 152A ("MTL").

4.  Further, during the period of about at least July 2014 through the date of judgment in this case ("the tax claim relevant period"), Defendants issued facially false and incorrect IRS Form W2 Tax Forms to Plaintiff and other similarly situated individuals that worked as exotic dancers for Defendants at their Hurricane Betty's Gentlemen's Club located in Worcester, Massachusetts.

5.  As a consequence of Defendants willfully and intentionally issuing Plaintiff and other exotic dancers facially false tax information returns, Plaintiff and all other dancers have a valid and enforceable private right of action against Defendants under 26 U.S.C. § 7434 ("the tax claim").

6.  Plaintiff brings this class and collective action against Defendants seeking damages, back-pay, restitution, liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and all other relief the Court deems just, reasonable, and equitable in the circumstances.

## PARTIES AND JURISDICTION

7.  Plaintiff is an adult resident of Worcester, Massachusetts.

8.  Plaintiff hereby affirms her consent to participate as a plaintiff and class representative in a class and collective action under the FLSA, MMWL, the MTL, and the tax claim.

9.  The Club is a corporation, formed under the laws of Massachusetts, and operates as Hurricane Betty's, a strip club operating in Worcester, Massachusetts.

10. At all times, O'Grady, individually and through his officers, managers, supervisors, and

other employees and contractors, controlled and dictated the day-to-day operations of the Hurricane Betty's strip club.

11. At all times, O'Grady, individually and through agents and assigns, supervised and directed the employment of Plaintiff and other exotic dancers.

12. At all times, O'Grady, individually and through agents and assigns, had the power to hire, discipline, suspend, or terminate the employment of Plaintiff and other exotic dancers.

13. Both Defendants qualified as Plaintiff's employer and the employer of all other exotic dancers at Defendants' Hurricane Betty's strip club, within the meaning of the FLSA, MMWL, MTL, and the tax claim.

14. During the relevant period, Defendants had gross revenue and sales exceeding $500,000.00, sold beer, wine, spirituous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

15. This Court has personal jurisdiction over Defendants, has "federal question" subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331, has supplemental jurisdiction over the interrelated MMWL and MTL state law claims, and constitutes proper venue pursuant to 28 U.S.C. § 1391.

## FACTS

16. Plaintiff was employed by Defendants as an exotic dancer at Hurricane Betty's for the period of about January 2019 through about February 2020.

17. During the period of her employment, Plaintiff worked about 3-4 shifts per week for an average total of about twenty (20) (or more) hours per week.

18. During the wage claim relevant period, Defendants paid Plaintiff and other similarly situated exotic dancers at Hurricane Betty's by way of payroll at the direct payroll wage of $4.35

per hour.

19. During the wage claim relevant period, Defendants attempted to utilize the Federal and Massachusetts "tip credit" method of compensation to pay Plaintiff and other similarly situated exotic dancers.

20. During the wage claim relevant period, Defendants paid Plaintiff and other similarly situated exotic dancers by payroll that reflected payment of direct wages to Plaintiff and other dancers at the hourly rate of $4.35 per hour.

21. During the wage claim relevant period, Defendants charged Plaintiff and other dancers a mandatory house fee kickback of $30.00 - $60.00 that Plaintiff and other dancers were required to pay to per shift.

22. When the on-the-books payroll wages Plaintiff and other dancers received from Defendants is adjusted to account for the mandatory house fee kickback Plaintiff and other dancers were required to pay Defendants each shift, the actual net wages Defendants paid Plaintiff and other dancers calculates to $0.00 per hour, and often times, a net-negative regular hourly rate.

23. As a direct result of the kickback fees Plaintiff and other dancers paid to Defendants each shift, Defendants failed to pay Plaintiff and other dancers an hourly rate less at least equal to the minimum permissible FLSA and Massachusetts "tip credit" minimum wage rate.

24. At no time during the wage claim relevant period did Defendants pay Plaintiff or other dancers at an hourly rate at least equal to the Federal or Massachusetts minimum wage.

25. At all times during the wage claim relevant period, Defendants, including the club's managers and other non-customarily tipped employees, engaged in regular and ongoing deductions and assignments of and from Plaintiff and other dancers' tips.

4

26. At all times during the wage claim relevant period, Defendants refused to allow Plaintiff or other dancers to keep or retain all the tips each received from Defendants' customers.

27. Defendants now owe Plaintiff and each other similarly situated exotic dancer unpaid wages equal to their "free and clear" minimum wage compensation for their entire employment relationship with Defendants.

28. Defendants now owe Plaintiff and each other similarly situated exotic dancer: (1) repayment of any amount paid to the club by way of kickback, fee, fine, or charge; (2) repayment of tips unlawfully taken or assigned by Defendants; plus (3) payment of the full applicable Federal and/or Massachusetts Minimum Wage for each hour worked.

29. Defendants owe Plaintiff "free and clear" minimum wage compensation in the amount of about twenty-nine thousand dollars ($29,000.00).

30. During the tax claim relevant period, Defendants issued to Plaintiff and other dancers yearly IRS W2 tax information returns.

31. During the tax claim relevant period, the IRS W2 tax information returns that Defendants issued to Plaintiff and other dancers reflected that Defendants paid Plaintiff and other dancers (and each received) payroll wages at the rate of $4.35 per hour, plus tips from Defendants' customers.

32. During the tax claim relevant period, each IRS W2 tax information return that Defendants issued to Plaintiff and other dancers was facially incorrect and did not accurately reflect the actual net wages Defendants paid (or rather did not pay) to Plaintiff and other dancers because the IRS W2 tax information returns did not account for the mandatory per-shift kickback fee Plaintiff and the other dancers paid to Defendants each shift worked.

33. 26 U.S.C. § 7434 provides that "[i]f any person willfully files a fraudulent information

return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

34. Here, on a class-wide basis, Defendants violated 26 U.S.C. § 7434 because (1) Defendants issued Plaintiff and other dancers tax information returns each year of their employment (an IRS Form W-2); (2) the information return Defendants issued to Plaintiff and the other dancers was facially false and did not accurately reflect net wages Plaintiff and the other dancers actually received; and (3) Defendants had actual knowledge the wage information on each information return issued to Plaintiff and the other dancers was false.

35. Defendants now owe damages to Plaintiff and all other dancers under 26 U.S.C. § 7434(b) in the statutorily mandated amount of $5,000.00 for each fraudulent information return issued, plus attorney's fees and costs.

## WAGE CLAIMS CLASS ALLEGATIONS

36. Plaintiff brings her Massachusetts wage and hour claims individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

37. The Rule 23 MMWL and MTL Class is defined in this matter as any individual, who at any time during the wage claim relevant time period, worked as an exotic dancer for Defendants at the Hurricane Betty's strip club who was not paid minimum wage compensation as required by Massachusetts law; and/or who was subject to unlawful wage/gratuity deductions or assignments by Defendants or their agents or assigns (hereinafter, "the Wage Class").

38. On information and belief, the Wage Class is believed to exceed fifty (50) current and former exotic dancers at Defendants' Hurricane Betty's strip club and is therefore so numerous that joinder of all members is impracticable.

39. There are questions of law and fact common to the Wage Class that predominate over

any questions solely affecting individual members, including, but not limited to:

* Whether Defendants violated Massachusetts law by failing to pay minimum wage compensation at least equal to the applicable Massachusetts Minimum Wage;

* Whether Defendants unlawfully required class members to pay Defendants money or kickbacks as a condition of working shifts at the Hurricane Betty's strip club;

* Whether Defendants unlawfully required class members to split their tips and/or private and semi-private dance fees with Defendants and and/or Defendants' managers;

* Whether Defendants complied, on a class-wide basis, with the Massachusetts "tip credit" requirements;

* Whether Defendants violated the MMWL and/or the MTL; and,

* The amount of damages and other relief (including statutory liquidated damages) owed by Defendants to Plaintiff and the Wage Class.

40. Plaintiff's claims are typical of those of the Wage Class.

41. Plaintiff, like other members of the Wage Class, was denied her rights to wages and gratuities by Defendants under the MMWL and the MTL.

42. Defendants' denial of Plaintiff's rights to wages and gratuities was done pursuant to a common business practice which affected all Wage Class members in a similar way.

43.   Plaintiff and the undersigned counsel are adequate representatives of the Wage Class.

44.   Given Plaintiff's loss, Plaintiff has the incentive and is committed to the prosecution of this action for the benefit of the Class.

45.   Plaintiff has no interests that are antagonistic to those of the Wage Class or that would

cause her to act adversely to the best interests of the Wage Class.

46. Plaintiff has retained counsel experienced in class and collective actions and, in particular, litigation of wage and hour disputes.

47. Prosecution of the wage claims in this action are maintainable as a class action under Fed. R. Civ .P. 23(b)(1), 23(b)(2), and 23(c)(4) because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the Wage Class which would establish incompatible standards of conduct for Defendants.

48. Prosecution of the wage claims in this action are maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Wage Class predominate over any questions affecting only individual members of the Wage Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

## TAX CLAIM CLASS ALLEGATIONS

49. Plaintiff brings her tax claims individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

50. The Rule 23  26 U.S.C. § 7434 class is defined in this matter as any individual, who at any time during the tax claim relevant time period, worked as an exotic dancer for Defendants at the Hurricane Betty's strip club whom Defendants issued a facially false IRS Form W2 tax information return because the earned wages identified on the tax information return did not calculate or otherwise account for fees and kickbacks paid by the individual to Defendants for each shift worked (hereinafter, "the Tax Claim Class").

51. On information and belief, the Tax Claim Class is believed to exceed fifty (50) current

and former exotic dancers at Defendants' Hurricane Betty's strip club and is therefore so numerous that joinder of all members is impracticable.

52. The question of law and fact common to the Tax Claim Class that predominates over any questions solely affecting individual members is whether Defendants, on a class-wide basis, violated 26 U.S.C. § 7434 by willfully and/or fraudulently issuing members of the Tax Claim Class individual tax information returns that were facially false and did not accurately identify each class member's earned wages.

53. Plaintiff, like other members of the Tax Claim Class, was and denied her rights to receive an accurate IRS Form W2.

54. Defendants' denial of Plaintiff's right to receive an accurate IRS Form W2 was done pursuant to a common business practice which affected all Tax Claim Class members in a similar way.

55. Plaintiff and the undersigned counsel are adequate representatives of the Tax Claim Class.

56. Given Plaintiff's loss, Plaintiff has the incentive and is committed to the prosecution of this action for the benefit of the Class.

57. Plaintiff has no interests that are antagonistic to those of the Tax Claim Class or that would cause her to act adversely to the best interests of the Tax Claim Class.

58. Plaintiff has retained counsel experienced in class and collective actions and litigation of disputes under 26 U.S.C. § 7434.

59. Prosecution of the tax claims in this action are maintainable as a class action under Fed. R. Civ .P. 23(b)(1), 23(b)(2), and 23(c)(4) because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with

respect to individual members of the Tax Claim Class which would establish incompatible standards of conduct for Defendants.

60. Prosecution of the wage claims in this action are maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Tax Claim Class predominate over any questions affecting only individual members of the Tax Claim Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

## COLLECTIVE ACTION ALLEGATIONS

61. Plaintiff is pursuing this lawsuit as collective action under FLSA Section 216(b) on behalf of herself and all other similarly situated individual who at any time during the wage claim relevant time period worked for Defendants as an exotic dancer at Defendants' Hurricane Betty's club and was not paid minimum wage compensation as required by the FLSA (hereinafter, "the Collective").

62. Plaintiff and the members of the Collective are similarly situated because each were (1) were not paid any wages by Defendants for hours worked; (2) were victims of tip theft whereby Defendants kept and/or assigned to management their tips and gratuities received from customers; (3) were required to pay per-shift house fee or kickback to Defendants for each shift worked; and (4) were not paid wages at or above the Federal Minimum Wage of $7.25 for each hour worked.

63. Plaintiff's damages are substantially similar to other members of the Collective because, under the FLSA, each are owed (1) a return of all house fee kickback payments made to Defendants for each shift worked; (2) reimbursement of all tips and gratuities taken and/or assigned by Defendants and/or Defendants' management; (3) payment for all hours worked in an

amount equal to the Federal Minimum Wage of $7.25 per hour; plus (4) statutory liquidated damages as provided by Federal law for Defendants' failure to pay minimum wage compensation as required by the FLSA.

64. On information and belief, Defendants have employed at least fifty (50) current and former exotic dancers at Defendants' Hurricane Betty's strip club in the past three (3) years.

65. On information and belief, Defendants are in custody, possession, and control of identifying records relating to all current and former exotic dancers employed by Defendants at the Hurricane Betty's strip club in the past three (3) years.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FLSA
(Failure to Pay Statutory Minimum Wages)

66. Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

67. The FLSA required Defendants to pay Plaintiff and other similarly situated exotic dancers at an hourly rate at least equal to the Federal Minimum Wage.

68. The FLSA required that Defendants allow Plaintiff and other similarly situated exotic dancers to keep all tips and gratuities received from customers.

69. As set forth above, Defendants failed to pay Plaintiff and other similarly situated exotic dancers at hourly rates in compliance with the FLSA Federal Minimum Wage requirements.

70. Without legal excuse or justification, Defendants kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers and belonging to Plaintiff and other exotic dancers.

71. Defendants' failure to pay Plaintiff and other similarly situated exotic dancers as required

by the FLSA was willful and intentional and was not in good faith.

## COUNT II
## VIOLATION OF MASSACHUSETTS MINIMUM WAGE LAW
(Failure to Pay Statutory Minimum Wage)

72. Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

73. The MMWL required Defendants to pay Plaintiff and other similarly situated exotic dancers at an hourly rate at least equal to the Massachusetts Minimum Wage.

74. The MMWL required that Defendants allow Plaintiff and other similarly situated exotic dancers to keep all tips and gratuities received from customers.

75. As set forth above, Defendants failed to pay Plaintiff and other similarly situated exotic dancers at hourly rates in compliance with the MMWL requirements.

76. Without legal excuse or justification, Defendants kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers and belonging to Plaintiff and other exotic dancers.

77. Defendants' failure to pay Plaintiff and other similarly situated exotic dancers as required by the MMWL was willful and intentional and was not in good faith.

## COUNT III
## VIOLATION OF THE MASSACHUSETTS TIPS LAW
(Unlawful Wage Deductions and Assignments of Customer Tips)

78. Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

79. The MTL forbids unlawful and unauthorized deduction and/or assignment by Defendants of moneys provided by customers to and Plaintiff and other exotic dancers.

80. As set forth above, without legal excuse or justification, Defendants regularly and customarily deducted, assigned, and/or kept moneys paid by customers to Plaintiff and other exotic dancers as a gratuity or tip or as customer payment for a stage dance and/or a performance of a private or semi-private dance in designed VIP areas of the Hurricane Betty's strip club. This money was deducted, assigned, and/or kept by Defendants or their agents notwithstanding that it was the intent of the customer that Plaintiff or the other exotic dancer receive and keep the money.

81. Defendants' unlawful deductions and assignments from of Plaintiff and other similarly situated exotic dancers was willful and intentional and was in direct violation of protections set forth under the MTL.

## COUNT IV
## VIOLATION OF 26 U.S.C. §7434
(Unlawful Filing of IRS W2 Tax Information Returns)

82. Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

83. During the tax claim relevant time period, Defendants issued Plaintiff and other similarly situated exotic dancers yearly IRS W2 tax information returns (reflecting payroll wages) that were facially incorrect and did not accurately reflect the actual net wages Plaintiff and other dancers received.

84. 26 U.S.C. § 7434 provides that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

85. Here, because (1) Defendants issued Plaintiff and other dancers tax information returns each year of their employment (an IRS Form W-2); (2) the information return was facially false

and did not accurately reflect net wages actually received by Plaintiff and other dancers; and (3) Defendants had actual knowledge the wage information on the information returns issued to Plaintiff and other dancers was false.

86. Defendants now owe damages to Plaintiff and all other dancers under 26 U.S.C. §7434(b) in the statutorily mandated amount of $5,000.00 for each fraudulent information return issued, plus attorney's fees and costs.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, individually and on behalf of those similarly situated, prays for relief as follows:

A. Permitting Plaintiff's Wage Class claims under the MMWL and MTL to proceed as a Class Action under Federal Rule of Civil Procedure 23;

B. Permitting Plaintiff's Tax Claim Class claims under 26 U.S.C. § 7434 to proceed as a Class Action under Federal Rule of Civil Procedure 23;

C. Permitting Plaintiff's FLSA minimum wage claims to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

D. Judgment against Defendants for failing to pay free and clear minimum wage compensation to Plaintiff and other similarly situated individuals as required by the MMWL;

E. Judgment against Defendants for failing to pay free and clear minimum wage compensation to Plaintiff and other similarly situated individuals as required by the FLSA;

F. Judgment against Defendants for unlawfully taking and/or assigning tips and gratuities and other monies paid by customers to Plaintiff and other similarly situated individuals and belonging to Plaintiff and other similarly situated individuals in violation of the MTL;

G. Judgment against Defendants for unlawfully taking deductions, kickbacks, fees, fines, and assignments from wages of Plaintiff and other similarly situated individuals in violation of the MTL.

H. Judgment against Defendants under 26 U.S.C. § 7434(b) in the statutorily mandated amount of $5,000.00 for each fraudulent information return issued to Plaintiff and each class member for each year during the tax claim relevant time period.

I. Judgment that Defendants' violations of the MMWL and MTL minimum wage and wage payments requirements were not the product of good faith on the part of Defendants;

J. Judgment that Defendants' violations of the FLSA minimum wage requirements were not the product of good faith on the part of Defendants;

K. Judgment that Defendants' violations of the MMWL and MTL minimum wage and wage payment requirements were willful;

L. Judgment that Defendants' violations of the FLSA minimum wage requirements were willful;

M. An award to Plaintiff and those similarly situated in the amount of all free and clear unpaid wages found to be due and owing to Plaintiff and each similarly situated individual;

N. An award to Plaintiff and those similarly situated in the amount of all tips and

gratuities and other related monies unlawfully taken and/or assigned by Defendants and/or Defendants' management;

O. An award to Plaintiff and those similarly situated in the amount of all deductions, kickbacks, fees, fines, and assignments from wages taken and/or assigned by Defendants and/or Defendants' management;

P. An award of statutory liquidated damages in amounts prescribed by the MMWL;

Q. An award of statutory liquidated damages in amounts prescribed by the MTL.

R. An award of statutory liquidated damages in amounts prescribed by the FLSA;

S. An award of attorneys' fees and costs to be determined by post-trial petition;

T. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

U. Such further relief as may be necessary and appropriate.

Respectfully submitted,

Dated: July 21, 2020

/s/ Michael D. Pushee
Michael D. Pushee (#657343)
Formisano & Co., P.C.
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691 (ph)
E-mail: mpushee@formisanoandcompany.com

/s/ Gregg C. Greenberg
Gregg C. Greenberg (MD Fed. Bar No. 17291)
(To Be Admitted Pro Hac Vice)
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email: GGreenberg@ZAGFirm.com

*Counsel for Plaintiff and the Class / Collective*

## **CERTIFICATION**

I hereby certify that the within document has been electronically filed with the Court on this 21st day of July, 2020 and is available for viewing and downloading from the ECF system.

/s/ Michael D. Pushee