UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LEAH SAAD, DEANNA GALLO,<br>BRITANNY DUCHAINE,<br>and SANCHERE KELLY, on behalf of<br>themselves and all others similarly situated,<br>    Consolidated Plaintiffs,<br><br>        v.<br><br>JOLO, INC. d/b/a HURRICANE BETTY'S,<br>MYLES O'GRADY and JOSEPH O'GRADY,<br>    Defendants. | Civ. Action Nos. 20-11377-TSH<br>                   21-40048-TSH |

ORDER
September 30, 2022

HILLMAN, S.D.J.

Background

The Consolidated Plaintiffs, Leah Saad, Deanna Gallo, Brittany Duchaine and Sanchere

Kelly ("Plaintiffs"), have filed a Second Amended Complaint (Docket No. 71)("Complaint")

against JOLO, Inc. d/b/a Hurricane Betty's ("JOLO" or the "Club"), Myles O'Grady and Joseph

O'Grady, in their individual capacities (together with JOLO, "Defendants") alleging claims for:

violation of the Massachusetts Wage Act ("MWA"), Mass.Gen.L. ch. 149, §§148, 150 for failure

to pay them and other similarly situated individuals minimum wage and overtime (Count I);

violation of Mass.Gen. L. ch. 151, §§1,7 (minimum wage law), for failure to pay them and other

similarly situated individuals minimum wage and overtime (Count II); violation of Mass.Gen.L.

ch. 149, §152A (the Massachusetts Tips Act), for failure to allow them and other similarly

situated individuals to retain their tips (Count III); violation of Mass.Gen. L. ch. 149, §148B for

improperly classifying them and other similarly situated individuals as independent contractors rather than employees (Count IV);  unjust enrichment and quantum meruit as the result of Defendants having improperly received and required them and other similarly situated individuals to pay house fees and tip out non-service employees in violation of the Massachusetts Tips Act (Counts V and VI);  violation of the Fair Labor Standards  Act, 29 U.S.C. s. 201 *et seq.* ("FLSA") for failure to pay them and other similarly situated individuals minimum wage and overtime (Count VII); and violation of 26 U.S.C. §7434 for unlawful filing of IRS W-2 Tax Information Returns. This Order addresses Plaintiffs' Motion For Class Certification Under Fed.R.Civ.P. 23 and For Appointment of Class Counsel Under Fed. R. Civ. P. 23(g)(Docket No. 73).  For the reasons set forth below, that motion is *granted*.

## Discussion

The Plaintiffs, who performed services as exotic dancers for Defendants, have filed a motion seeking to certify the proposed class pursuant to Fed.R.Civ. P. 23(a) and (b)(3); to appoint the named Plaintiffs as Class Representative pursuant to Fed.R.Civ.P. 23; and to appoint Plaintiffs' counsel as Class Counsel.  More specifically, Plaintiffs seek class certification for their state statutory wage claims under Mass. Gen. L. ch. 149, §§ 148 & 150 (Count I), Mass. Gen. L. ch. 151 §§1& 7 (Count II), and Mass.Gen.L. ch. 149,  §152A (Count III).

### Whether Class Certification is Warranted

A proposed class under Rule 23(a) must meet the following four requirements:  "(1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy). The

plaintiffs have the burden of showing that all the prerequisites for a class action have been met."
*Garcia v. E.J. Amusements of New Hampshire, Inc.*, 98 F.Supp.3d 277, 284–85 (D. Mass. 2015)(internal citations omitted).

In this case, Defendants do not dispute that the Plaintiffs' have substantially satisfied the prerequisites for class certification. Their only grounds for opposing Plaintiffs' motion are that: (1) they do not believe that the amount of damages is readily calculable for each alleged proposed class member; and (2) "within the category of proposed class participants, the definition of the proposed class is not finite." The Court finds no merit to Defendants' opposition on these grounds as the amount of damages due individual class members is readily calculable, and the proposed class is limited to individuals who worked as exotic dancers for JOLO during the defined period of July 22, 2017 (*see* discussion below) to the present.

Defendants also object to the proposed class certification on the grounds that the Plaintiffs misstated the 3-year look back period as beginning on May 1, 2019 (thus covering individuals employed the Club as exotic dancers from May 1, 2016 to present). The Plaintiffs acknowledge that Defendants are correct and that the 3-year look back period should commence on July 22, 2020, and therefore, the certified class would include individuals employed as exotic dancers by the Club during the period from July 22, 2017 through the present. Defendants having raised no other objections, with the aforementioned modification, Plaintiffs motion for class certification is *granted*.

### Certification Procedure

On or before October  31, 2022, the Plaintiff shall provide the Court with a proposed class certification Order defining the class, the class claims, issues, or defenses, and appointing class counsel under Fed.R.Civ.P. 23(g). The Plaintiffs shall also file a proposed form of notice

in accordance with Fed.R.Civ.P. 23(c)(2)(B).  If Defendants object to the proposed Order and/or form of notice, they shall file their own proposed Order/form of notice by November 14, 2022.

<u>**Conclusion**</u>

Plaintiffs' Motion For Class Certification Under Fed.R.Civ.P. 23 And For Appointment of Class Counsel Under Fed. R. Civ. P. 23(g)(Docket No. 73) is ***granted**, as provided herein.

**SO ORDERED.**

/**s**/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**SENIOR DISTRICT JUDGE**