## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **LEAH SAAD, DEANNA GALLO,** ) | |
| **BRITANNY DUCHAINE,** ) | |
| **and SANCHERE KELLY, on behalf of** ) | |
| **themselves and all others similarly situated,** ) | |
| **Consolidated Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civ. Action Nos. 20-11377-TSH** |
| ) | **21-40048-TSH** |
| **JOLO, INC. d/b/a HURRICANE BETTY'S,** ) | |
| **MYLES O'GRADY and JOSEPH O'GRADY,** ) | |
| **Defendants.** ) | |
| ) | |

## ORDER
**September 30, 2022**

**HILLMAN, S.D.J.**

### Background

The Consolidated Plaintiffs,  Leah Saad, Deanna Gallo, Brittany Duchaine and Sanchere

Kelly  ("Plaintiffs"), have filed a Second Amended Complaint (Docket No. 71)("Complaint")

against JOLO, Inc. d/b/a Hurricane Betty's ("JOLO"), Myles O'Grady, individually ("Myles"),

and Joseph O'Grady, individually ("Joseph" and, together with Myles and JOLO, "Defendants")

alleging claims for: violation of the Massachusetts Wage Act ("MWA"), Mass.Gen.L. ch. 149,

§§148, 150 for failure to timely pay them and other similarly situated individuals their wages and

overtime (Count I); violation of Mass.Gen. L. ch. 151, §§1,7 (minimum wage law), for failure to

pay them and other similarly situated individuals minimum wage and overtime (Count II);

violation of Mass.Gen.L. ch. 149, §152A (the Massachusetts Tips Act), for failure to allow them

and other similarly situated individuals to retain their tips (Count III); violation of Mass.Gen. L.

ch. 149, §148B for improperly classifying them and other similarly situated individuals as independent contractors rather than employees (Count IV);  unjust enrichment and quantum meruit as the result of  Defendants having improperly received and required them and other similarly situated individuals to pay house fees and share tips with non-service employees in violation of the Massachusetts Tips Act (Counts V and VI);  violation of  the Fair Labor Standards  Act, 29 U.S.C. § 201 *et seq*. ("FLSA") for failure to pay them and other similarly situated individuals minimum wage and overtime (Count VII); and violation of 26 U.S.C. §7434 for unlawful filing of IRS W-2 Tax Information Returns.

This Order addresses Plaintiffs' Motion For Partial Summary Judgment (Docket No. 74) and Plaintiffs' Motion To Strike And Disregard Defendants' Opposition To Plaintiffs' Statement of Material Facts (Docket No. 90).   Plaintiffs' motion to strike, which is unopposed, is hereby *granted*[1].  For the reasons set forth below, Plaintiffs motion for partial summary judgment is *granted*.

## Standard of Review

Summary Judgment is appropriate where, "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

---

[1] Pursuant to LR, D.Mass. 56.1, Plaintiffs filed a Statement of Material Facts which they allege are undisputed, with page references to affidavits, depositions, and other documentation. *See* Docket No. 77 ("Plaintiffs' Undisputed Facts"). Defendants were then required to file a concise statement of material facts of record as to which they contend there exists genuine issues to be tried with page references to affidavits, depositions and other documentation. *Id.* Where the opposing party fails to controvert the moving party's statement of material facts, such facts shall be deemed admitted. *Id.*

Defendants purported to file a statement of material facts which they contend are in dispute. *See* Docket No. 86.  Plaintiffs sought to strike this submission on the grounds that Defendants failed to identify admissible facts or record evidence contravening any single material fact identified in Plaintiffs' Undisputed Facts. In support of their motion, the Plaintiffs have provided a detailed point-by-point analysis as to why the evidence cited by Defendants does not support their contention that there are genuine issues of material fact to be tried. As noted, Defendants did not oppose the motion to strike and for that reason alone, the Court is inclined to grant Defendants' motion. Additionally, reviewing the motion on its merits, Plaintiffs have satisfied the Court that Defendants have failed to cite to record evidence which would support their contention that there are genuine issues of fact to be tried.

of law." *Carroll v. Xerox Corp.*, 294 F.3d 231, 236 (1st Cir. 2002) (citing Fed. R. Civ. P. 56(c)).

"'A "genuine" issue is one that could be resolved in favor of either party, and a "material fact" is one that has the potential of affecting the outcome of the case.'" *Sensing v. Outback Steakhouse of Florida, LLC*, 575 F.3d 145, 152 (1st Cir. 2009) (quoting *Calero-Cerezo v. U.S. Dep't. of Justice*, 355 F.3d 6, 19 (1st Cir. 2004)).

When considering a motion for summary judgment, the Court construes the record in the light most favorable to the nonmoving party and makes all reasonable inferences in favor thereof. *Sensing*, 575 F.3d at 153. The moving party bears the burden to demonstrate the absence of a genuine issue of material fact within the record. *Id.*, at 152. "'Once the moving party has pointed to the absence of adequate evidence supporting the nonmoving party's case, the nonmoving party must come forward with facts that show a genuine issue for trial.'" *Id.* (citation to quoted case omitted). "'[T]he nonmoving party "may not rest upon mere allegations or denials of the [movant's] pleading but must set forth specific facts showing that there is a genuine issue of material fact as to each issue upon which [s/he] would bear the ultimate burden of proof at trial." Id. (citation to quoted case omitted). The nonmoving party cannot rely on "conclusory allegations" or "improbable inferences". *Id.* (citation to quoted case omitted). "'The test is whether, as to each essential element, there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." ' " *Id.* (citation to quoted case omitted).

**Facts**

Applicable Statutory Provisions

The Massachusetts minimum wage law, Mass.Gen.L. ch. 151 §§1 & 7,  requires

employers to pay Massachusetts employees for all hours worked at an hourly rate at least equal

to the applicable Massachusetts minimum wage then in effect.[2] There is a limited exception to

this requirement, the so-called  "tip credit," which permits employers to pay "service" employees

direct wages at "the Service Rate," statutorily set below the Massachusetts minimum wage. More

specifically, the statute provides that:

> In determining the wage an employer is required to pay a tipped
> employee, the amount paid to such employee by the employer shall be an amount
> equal to: (1) the cash wage paid such employee which for purposes of such
> determination shall be not less than [the statutorily specified amount][3]; and (2)
> an additional amount on account of the tips received by such employee which
> amount is equal to the difference between the wage specified in clause (1) and the
> wage in effect under section 1; provided, however, that an employer shall
> calculate the amount required by clause (2) at the completion of each shift worked
> by the employee, with payments to the employee to be consistent with section 148
> of chapter of 149. The additional amount on account of tips may not exceed the
> value of the tips actually received by an employee. This paragraph shall not apply
> with respect to any tipped employee unless such employee has been informed by
> the employer of the provisions of this paragraph, and all tips received by such
> employee have been retained by the employee, except that this paragraph shall not
> be construed to prohibit the pooling of tips among employees who customarily
> and regularly receive tips

 Mass. Gen. Laws Ann. ch. 151, § 7.

Put another way, an employer may pay direct wages at the Service Rate provided that: (i)

the employer provides the employees with required statutory notice; (ii) the employee actually

receives tips in an amount which, when added to the Service Rate, equals or exceeds the full

---

[2] For example, for the years 2017-2108, the following minimum wage was in effect: 2017 & 2018 - $11.00 per hour; 2018 - $11.00 per hour; 2019 - $12.00 per hour; and 2020 -$12.75 per hour. *See* prior versions of Mass.Gen.L. ch. 151, §1.
[3] For example, for the years 2017-18 the statutorily specified amount was: 2017 - $3.75 per hour; 2018 - $3.75 per hour; 2019 - $4.35 per hour; and 2020 - $4.95 per hour. Mass.Gen.L. ch. 151, §7.

Massachusetts Minimum Wage; and (iii) all tips received by the employee are retained by the employee receiving the tips. *See* Mass.Gen.L. ch. 151 § 7; 454 Mass. Code Regs. 27.03(2)(b).

In conjunction with the Minimum wage law, the Massachusetts Tips Act, Mass. Ann. Laws ch. 149, § 152A , provides, in relevant part:

> (b) No employer or other person shall demand, request, or accept from any wait staff employee, service employee, or service bartender any payment or deduction from a tip or service charge given to such wait staff employee, service employee, or service bartender by a patron. No such employer or other person shall retain or distribute in a manner inconsistent with this section any tip or service charge given directly to the employer or person.; and
> ….
>
> (d) If an employer or person submits a bill, invoice or charge to a patron or other person that imposes a service charge1 or tip, the total proceeds of that service charge or tip shall be remitted only to the wait staff employees, service employees, or service bartenders in proportion to the service provided by those employees.

For purposes of Section 152A, a "service employee" is defined as "a person who works in an occupation in which employees customarily receive tips or gratuities, and who provides service directly to customers or consumers, but who works in an occupation other than in food or beverage service, and who has no managerial responsibility." *Id.*, at §152A(a).

The Massachusetts Wage Payment Act, Mass.Gen.L. ch. 149, §§ 148 requires an employer to pay, weekly or bi-weekly, to its employee his/her wages earned:

> within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or to within seven days of the termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week, or in the case of an employee who has worked for a period of less than five days, hereinafter called a casual employee, shall, within seven days after the termination of such period, pay the wages earned by such casual employee during such period.

Mass.Gen.L. ch. 149 §148.  Any person aggrieved by violation of Section 148, may bring a private cause of action in accordance with Mass.Gen.L. ch. 149, §150 (providing for treble damages, liquidated damages, lost wages, litigation costs and reasonable attorney's fees).

<u>Substantive Facts</u>

During the period from 2016 to the present (the "relevant period") [4], it is estimated that Defendants employed more than one hundred (100) women to work as exotic dancers at their establishment, Hurricane Betty's Gentlemen's Club, located in Worcester, Massachusetts ("the Club").  The Club was owned by Myles and his wife, Loretta O'Grady in equal shares. The day-to-day operation of the Club was controlled by Joseph who was the Club's General Manager and Director, Joseph was assisted in the operation, management, and supervision of the Club by his daytime manager, Tyrone Little ("Little") and managers/supervisors Jack Barros ("Barros") and Kevin Morgan ("Morgan").

Joseph, Little,  Barrow, and Morgan participated in the customary manager duties of the Club. Joseph, Little, Barrow, and Morgan were the only individuals that were authorized to enter the manager office, handle Defendants' money, and pay Plaintiffs and the other exotic dancers at the Club. Joseph, Little, Barrow, and Morgan were the only individuals that were authorized to text Plaintiffs and the other exotic dancers on behalf of the Club regarding when to show up for shifts and/or discuss tips.

Defendants classified Plaintiffs and all other exotic dancers at the Club as W-2 employees.   Defendants either did not pay Plaintiffs or the other exotic dancers any wages for hours worked or, in the alternative, paid Plaintiffs and the other exotic dancers at the Club at a

---

[4] In connection with their motion for class certification Plaintiffs have acknowledged that the relevant time period is actually July 22, 2017 to the present. The Plaintiffs allege, and the Court accepts, that all of the undisputed facts asserted in support of their claims took place during the relevant period (after July 22, 2017).

sub-minimum wage rate of about $4.35 per hour, the so-called "Service Rate." However, at no time during the relevant period did Defendants pay direct hourly wages to Plaintiffs or the other exotic dancers at the Club at an hourly rate at least equal to the Massachusetts Minimum Wage.

Plaintiffs and the other exotic dancers earned tips for performing private and/or semi-private dances for customers at the Club. During the relevant period, Defendants knowingly permitted Plaintiffs and the other dancers at the Club to share the tips they received from customers with Defendants, Defendants' supervisors and/or managers, and Defendants' non-service employees. Plaintiffs and the other exotic dancers at the Club earned tips from Defendants' customers for dancing on stage, socializing with customers, and by performing private and semi-private dances. At the conclusion of each shift, Plaintiffs and the other exotic dancers at the Club paid a portion of the tips they received from customers to Defendants' DJs and security. Defendants did not pay any wages or other compensation to its DJs, including Barros-- the only compensation the Club's DJs, including Barros, received for working at the Club was in the form of tips, shared, assigned, or otherwise paid directly from Plaintiffs and the other exotic dancers at the Club to them. Defendants permitted Plaintiffs and the other exotic dancers to pay portions of the tips they received from customers to Defendants' security guards, including its supervisor/security guard, Morgan.

Customers customarily paid the full tip for private and/or semi-private dances performed by the Plaintiffs and other exotic dancers directly to Defendants to hold in Defendants' cash register. Thereafter, at the conclusion of the shift, Defendants' managers distributed most, but not all, tips received from customers for private and semi-private dances to Plaintiffs and the other exotic dancers. In so doing, Defendants and/or Defendants' managers kept and retained a portion of the tips as Defendants' "split."

**Discussion**

The Plaintiffs, who performed services as exotic dancers for Defendants, have filed a motion seeking summary judgment on their Massachusetts statutory wage claims under Mass. Gen. L. ch. 149, §§ 148 & 150 (Count I), Mass. Gen. L. ch. 151 §§1 & 7 (Count II), and Mass.Gen.L. ch. 149, §152A (Count III) on the grounds that the undisputed evidence establishes that Defendants have violated various provisions of these laws. More specifically, Defendants have violated the Massachusetts Tip Act, Mass.Gen.L. ch. 149, §152A by requiring or knowingly permitting unlawful tip sharing as follows: (i) a portion of the tips Plaintiffs and the other exotic dancers at the Club received from customers were paid and/or assigned from Plaintiffs and the other exotic dancers to Defendants' DJs (including Defendants' manager, DJ/supervisor Barrow) and Defendants' security guards (including Defendants' manager, security guard/supervisor Morgan) and (ii) a portion or "split" of the tips Plaintiffs and other exotic dancers at the Club received from customers for performing private and/or semi-private dances was paid directly to Defendants and kept by Defendants. As to their claim under Mass.Gen. L. ch. 151, §1, Plaintiffs assert that because Defendants violated the Massachusetts Tip Act, they cannot utilize the "Service Rate" exception under the Massachusetts minimum wage act which permits employers to pay employees less than the full basic minimum wage.

Given that the Court has been presented with an undisputed factual record, a protracted discussion of the merits of Plaintiffs' claims is not warranted. The Plaintiffs have established that on this record, the Defendants' conduct violated the Massachusetts statutory wage law scheme, and in particular, Mass.Gen.L. ch. 149, §§ 148 & 149 (failure to pay for work performed), Mass.Gen. L. ch. 151 §§ 1 & 7 (Massachusetts minimum wage law), and Mass.Gen.L. ch. 149, § 152A (the Massachusetts Tip Act). More specifically, Defendants unlawfully required Plaintiffs

to pay over a portion or "split" of tips they received from customers (for private/non-private dances) to Defendants' DJ, Barrow, and security guard, Morgan.  Defendants violated the Massachusetts Tip Act by requiring that Plaintiffs tips be shared with Barros and Morgan, both of whom held supervisory positions. *Cf.  Matamoros v. Starbucks Corp*. 699 F.3d 129 (1st Cir. 2012)(shift supervisors are not "wait staff" and therefore are ineligible to share in tips pools with baristas); *Cormier v. Landry's Seafood House-N. Carolina, Inc.*, No. CV 13-11822-NMG, 2015 WL 12732419, at *13 (D. Mass. Feb. 23, 2015)(seater hosts are neither wait staff employees nor service employees under the Tips Act, and they improperly participate in the tip pool with wait staff at the Rainforest Café).   Additionally, Defendants retained a portion or "split" of the tips Plaintiffs' received from customers for private/non-private dancers.  By doing so, Defendants failed to comply with the Service Rate requirements set forth in Mass.Gen.L. ch. 151 § 7 and 454 Mass. Code Regs. 27.03(2)(b), and necessarily constituted a violation of the minimum wage law, ch. 151, §1. *See Cormier*, No. CV 13-11822-NMG, 2015 WL 12732419, at *13 (because the tip pooling arrangement was improper under the Tips Act, Defendants are ineligible for the tip credit and thus they also violate the Minimum Wage Act).

Accordingly, summary judgment shall enter in favor of the Plaintiffs on Counts I-III to the following extent: the Court finds as a matter of law that Defendants required Plaintiffs to share their tips with non "service employees", that is, persons who have supervisory or managerial responsibility, including Barrow and Morgan, and Defendants unlawfully retained a portion or "split" of the tips Plaintiffs' received from customers for performing private and/or semi-private dances, thereby, violating the Mass.Gen.L. ch. 149, §§ 148 & 150, Mass. Gen. L. ch. 151 §§1& 7, and Mass.Gen.L. ch. 149,  §152A and entitling them to unpaid wages, and statutory damages in an amount to be determined. The Court notes that liability shall be imposed,

and damages awarded under all three Massachusetts wage statutes to the extent permitted by applicable law.[5]

**<u>Conclusion</u>**

Plaintiffs' Motion For Partial Summary Judgment (Docket No. 74) is ***granted****, as* provided herein.

Plaintiffs' Motion To Strike And Disregard Defendants' Opposition To Plaintiffs' Statement of Material Facts (Docket No. 90)  is ***granted.***

**SO ORDERED.**

/**s**/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**SENIOR DISTRICT JUDGE**

---

[5] Defendants do not contest that Myles and Joseph are individually liable and for that reason and because the record supports such a finding, the Court will enter summary judgment against them on Counts I-III.