IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WORCESTER)

| | |
|---|---|
| LEAH SAAD, *ET AL.*, | * |
| PLAINTIFFS, | * |
| v. | * Case No: 4:20-cv-11377-MRG |
| JOLO, INC., *ET AL.*, | * |
| DEFENDANTS. | * |

*********************************************************************

| | |
|---|---|
| DEANNA GALLO, *ET AL.*, | * |
| PLAINTIFFS, | * |
| v. | * Case No: 4:20-cv-40048-MRG |
| JOLO, INC., *ET AL.*, | * |
| DEFENDANTS. | * |

*********************************************************************

**PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

The Plaintiffs, Deanna Gallo, Brittany Duchaine, Sanchare Kelly, and Leah Saad (together, "Lead Plaintiffs"), on behalf of themselves and the Court Certified Class including all individuals that worked or performed as exotic dancers for, in, or at Defendants' Hurricane Betty's Gentlemen's Club at any time during the period July 22, 2017, through the date of final judgment in this case ("the Class Members"), by and through undersigned counsel, submit their Motion for this Court's Final Approval of the Parties' Class Action Settlement Agreement attached hereto as Exhibit 1. In support, the Plaintiffs represent to this Court as follows.

1

## I. THE SETTLEMENT MEETS THE CRITERIA NECESSARY FOR THIS COURT TO GRANT PRELIMINARY APPROVAL

### A. Standard for Approval

Pursuant to Rule 23(e), because this case has been certified by this Court as a Class Action, this Court must approve the Parties' settlement. Fed. R. Civ. P. 23(e). Under Federal Rule of Civil Procedure 23(e), a two-step notice-then-approval procedural framework applies to proposed class settlements.  At the first stage - - notice to the class - - the parties propose a settlement and provide the Court with sufficient information to determine whether notice should be provided to all Class Members. The second stage - - approval of the proposal - - occurs after notice to all Class Members, a hearing, and a Court determination that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

A court should approve a class settlement if the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The factors by which a proposed settlement is judged are whether: (i) the class representatives and class counsel adequately represented the class; (ii) the proposed settlement was negotiated at arm's length; (iii) the relief obtained for the class is adequate; and (iv) the proposed settlement treats class members equitably relative to each other. *Id*. As further supported below, upon consideration of these factors, this Court should find the Parties' settlement fair, reasonable, and adequate, and grant Final Approval to Plaintiffs' Motion.

### B. The Class Members have been Well Represented by Lead Plaintiffs and Plaintiffs' Counsel.

"The duty of adequate representation requires counsel to represent the class competently and vigorously and without conflicts of interest with the class." *In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d 24, 36 n.12 (1st Cir. 2009). The Court must be satisfied that the interests of the Lead Plaintiffs do not conflict with the interests of any of the Class Members,

2

*Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985), and that Class Counsel is qualified and experienced and provided vigorous representation during the case. *Id.*

In this case, the interests of the Lead Plaintiffs are consistent with the interests of the Class Members. All share a common interest recovery against Defendants in the form of their earned and unpaid wages, unlawfully deducted or assigned tips, and corresponding damages arising from Defendants' violations of the Massachusetts Wage and Hour Laws.  Because the Lead Plaintiffs seek "the same remedy . . . based on an identical theory" as the Class Members, there is no conflict between the Lead Plaintiffs and the Class Members. See *Reid v. Donelan*, 297 F.R.D. 185, 191 (D. Mass 2014).  Further, Class Counsel are qualified and highly skilled attorneys with a demonstrated record of success in the prosecution of individual and class claims arising under Federal and State wage and hour laws.

Ultimately, with the assistance and active involvement of the Lead Plaintiffs, Class Counsel was able to achieve success at each stage of this litigation including (i) obtaining Rule 23 Class Certification for class-wide prosecution of Lead Plaintiffs and the Class Members' claims arising under the Massachusetts Wage and Hour Laws; (ii) securing an Order of Partial Summary Judgment in favor of Lead Plaintiffs and the Class Members on the issue of Defendants' violations and corresponding liability under the Massachusetts Wage and Hour Laws; and (iii) negotiating a fair and reasonable settlement that, under the circumstances and financial realities of this case as discussed in further detail *infra.*, will result in the best potential outcome for the Class Members.  For these reasons, the Court should be satisfied that Lead Plaintiffs and Class Counsel vigorously and competently represented the Class Members' best interests in reaching the Parties' settlement. See *Connor B. ex rel. Vigurs v. Patrick*, 272 F.R.D. 288, 297 (D. Mass 2011).

C.       **The Parties' Proposed Settlement Arises from Arm's Length Negotiations**

A settlement is presumed to be reasonable when it is achieved by arm's length negotiations conducted by experienced counsel. *In re Pharm. Indus.*, 588 F.3d at 33; *Roberts v. TJX Cos., Inc.*, 2016 U.S. Dist. LEXIS 136987, at *5-6 (D. Mass. 2016). Here the Parties' proposed Settlement Agreement, resulting in Defendants payment to Lead Plaintiffs, the Class Members, and Class Counsel in the amount of Two Hundred Eighty Thousand Dollars and Zero Cents ($280,000.00)[1] is the product of extensive negotiations and the Lead Plaintiffs and Class Counsel's active participation in multiple lengthy mediation settlement conferences conducted by United States Magistrate Judge David H. Hennessy. The negotiations were hard-fought and at arm's length and have produced a result Lead Plaintiffs and Class Counsel believe to be in the best interest of the Class Members.  *See Lyons v. Marrud, Inc.*, 1972 U.S. Dist. LEXIS 13401 * 5 (S.D.N.Y. 1972), "[e]xperienced and competent counsel have assessed these problems and the probability of success on the merits. They have concluded that compromise is well-advised and necessary.  The Parties' decision regarding the respective merits of their positions has an important bearing on this case." Thus, "[a] strong presumption if fairness attaches to proposed settlements that have been negotiated at arm's length." *Thompson v. Metro Life Ins. Co.*, 216 F.R.D. 55, 61 (S.D.N.Y. 2003).

---

[1] As noted in the Parties' Settlement Agreement, Section 3(e)-(f), provides in the event Defendants fail to make full and timely installment payments of the settlement amount and thereafter, upon notice, fail to cure the same, Defendants will be in material breach and default of the Parties proposed Settlement Agreement, resulting in escalation of the remaining balance of the settlement amount, plus an additional settlement damages award of Two Hundred Twenty Thousand Dollars and Zero Cents ($220,000.00), causing the settlement amount paid or to be paid by Defendants to increase from Two Hundred Eighty Thousand Dollars and Zero Cents ($280,000.00) to Five Hundred Thousand Dollars and Zero Cents ($500,000.00).

Further, the Court should note that the Parties reached settlement on the eve of trial. Prior to settlement, the Parties completed discovery and the Parties engaged in dispositive motion practice, resulting in the Court granting partial summary judgment as to liability in favor of the Lead Plaintiffs and Class Members and against Defendants on all Massachusetts Wage and Hour claims. Consequently, the Parties reasonably believed that, absent exceptional unforeseen circumstances, a trial in this matter would result in a judgment in favor of Lead Plaintiffs and the Class Members exceeding One Million Dollars ($1,000,000.00). Such a result would wreak havoc on the Class Members' prospect of monetary recovery. Prior to reaching settlement, Class Counsel engaged in an independent assessment of Defendants' assets and determined unequivocally that Defendants did not hold recoverable assets sufficient to satisfy a substantial judgment or settlement. Further, Class Counsel engaged experienced bankruptcy counsel for guidance on the Class Members' potential recovery prospects upon Defendants bankruptcy filing, as Defendants represented would be a necessity in the event of a substantial judgment, and determined the Class Members' recovery from the Parties' settlement would result in a better monetary outcome compared to a prolonged and likely limited bankruptcy distribution.

Ultimately, the Parties' settlement is divided into three (3) categories. The first category is the allocation of reasonable Class Representative incentive awards to the Lead Plaintiffs. In this case, <u>since at least July 2020</u>, the Lead Plaintiffs have devoted numerous hours of their personal time to actively participating in this litigation, including participating in the drafting and responding to discovery, providing factual guidance related to motion practice, actively participating in the multiple mediations and settlement discussions, and regularly conferring with Class Counsel about the management and direction of the litigation. In recognition of Lead Plaintiffs' efforts, and allocated pursuant to the extent such efforts were provided, the Parties'

settlement provides for reasonable Class Representative incentive awards for the Lead Plaintiffs in the total amount of Forty Thousand Dollars and Zero Cents ($40,000.00), allocated in the following amounts: (i) Leah Saad - $15,000.00; (ii) Deanna Gallo - $10,000.00; (iii) Brittany Duchaine - $7,500.00; and (iv) Sanchare Kelly - $7,500.00.[2]

The second category of the settlement compensates Class Counsel for attorney's fees in the amount of Ninety Thousand Dollars and Zero Cents ($90,000.00) (approximately 32.1% of the total settlement amount), and reimbursement of litigation expenses, including the cost of a class action administrator, in the amount of Fifteen Thousand Dollars ($15,000.00) (a total sum of One Hundred Five Thousand Dollars and Zero Cents ($105,000.00). The reasonableness of this allocation is further supported by the fact that attorney's fees paid from the settlement fund to Class Counsel represents less than Fifty Percent (50%) of Class Counsel's lodestar (billed hours * customary billing rates), at Class Counsel's customary hourly billing rates.

Finally, the Class Fund, in the amount of One Hundred Thirty-Five Thousand Dollars and Zero Cents ($135,000.00), shall be allocated to compensate Lead Plaintiffs and the Class Members for earned and unpaid wages, unlawfully deducted or assigned tips, and damages sought against Defendants under the Federal Fair Labor Standards Act ("FLSA") and the Massachusetts Wage and Hour Law.

Pursuant to the settlement, the distribution and allocation of the Class Fund shall be made through a "Claims Made" process. The Plaintiffs have filed a Supplemental Declaration with the Court identifying the Claims Made distribution and allocation of the Class Fund amongst Lead

---

[2] The reasonableness of the Lead Plaintiff incentive awards is further underscored by the fact that each Lead Plaintiff, in exchange for receipt of her individual incentive award, provides Defendants with bargained for consideration not provided by the Class Members, *to wit*, a full waiver and release of claims. *See* the Parties proposed settlement agreement at Section 4(a).

Plaintiffs and Class Members, divided proportionally between the Lead Plaintiffs and Class Members according to the number of weeks each was employed by Defendants during the Class Recovery Period.

## II. THE PARTIES NOTICE, CLAIM FORM, AND CLAIMS MADE PROCESS WAS FAIR AND REASONABLE, AND THIRTY-NINE CLAIMS HAVE BEEN RECEIVED WITHOUT OBJECTIONS

As set forth in the Supplemental Declaration of Gregg C. Greenberg in Support of Class-Wide Settlement Distribution, efiled on March 8, 2024, Document No. 169, and attached hereto as Exhibit 2, counsel delivered the Class Notices and Class Claim Forms ("Notice Packet") to the ILYM Group for Formatting, processing and mailing to each of the Two Hundred Ninety-Eight (298) Class members that worked or performed as exotic dancers within Defendants' Hurricane Betty's Gentlemen's Club within the Class Period ("Class Members"). On December 22, 2023, the ILYM Group caused delivery of the Notice Packet by U.S. First Class Mail, to each of the Class Members.

The expiration date for the Class Members to complete and return Class Claim Forms to be eligible to receive monetary settlement allocation from the Class Settlement Sum was Friday, February 23, 2024. As of the date of this motion, Class Counsel or the ILYM Group received a total of Thirty-Nine (39) completed Claim Forms from Class Members.

The total monetary settlement in this matter is in the amount of Two Hundred Eighty Thousand Dollars ($280,000.00), inclusive of payment of incentive awards to the Class Representatives in the total collective amount of Forty Thousand Dollars ($40,000.00), litigation cost reimbursement to Class Counsel in the amount of Fifteen Thousand Dollars ($15,000.00), attorney's fees for Class Counsel in the amount to Ninety Thousand Dollars ($90,000.00), and funding of the Class Fund for proportional distribution and allocation to

eligible Class Members who timely submitted completed Claim Forms in the amount of One Hundred Thirty-Five Thousand Dollars ($135,000.00).

Pursuant to the Settlement Agreement, within Thirty (30) days following the Court's Final Approval of the Settlement, Defendants are required to deliver One Hundred Thousand Dollars ($100,000.00) to the ILYM Group.  Furthermore, , within Fifteen (15) days of the ILYM Group's receipt of Defendants' initial payment, the ILYM Group will allocate and pay Defendants' initial payment to satisfy incentive awards to the Class Representatives in the total collective amount of Forty Thousand Dollars ($40,000.00), litigation cost reimbursement to Class Counsel in the amount of Fifteen Thousand Dollars ($15,000.00), and Forty-Five Thousand Dollars ($45,000.00) allocated and distributed proportionally between Class Counsels' attorneys fees and eligible Class Members who timely submitted completed Claim Forms.

As set forth in the Settlement Agreement, on the one-month anniversary of Defendants' first payment to the ILYM Group, and for the following Twenty-Three (23) month anniversaries of this payment (a total of Twenty-Four (24) payments), Defendants are required to pay and deliver Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) (a total payment over Twenty-Four (24) month period of One Hundred Eighty Thousand Dollars and Zero Cents ($180,000.00) to the ILYM Group.  Then, within Fifteen (15) days of the ILYM Group's receipt of each Seven Thousand Five Hundred Dollar ($7,500.00) installment payment, the ILYM Group will allocate and distribute each payment proportionally between Class Counsel's attorney's fees and eligible Class Members who timely submitted completed Claim Forms.

In the event Defendants default on their payment obligations under the Settlement Agreement, Defendants will be required to pay and satisfy an additional monetary settlement

obligation in the amount of Two Hundred Twenty Thousand Dollars ($220,000.00), which shall become immediately due and owing for full delivery to the ILYM Group. Finally, in the event of Defendant' default, within Fifteen (15) days of the ILYM Group's receipt of Defendants' Two Hundred Twenty Thousand Dollar ($220,000.00) additional default monetary settlement payment obligation, the ILYM Group will allocate and distribute Defendants' default payment proportionally between Class Counsel's attorney's fees and eligible Class Members who timely submitted completed Claim Forms.

### III.     CONCLUSION

The Parties have reached their proposed settlement following extensive discussions and arm's-length negotiations. Class notice has been sent and thirty-nine class members have responded. No objections have been made. The Court is therefore being asked to approve the final settlement, and Class Counsel's request for an award of fees and reimbursement of expenses. *Moore, supra*, §23.83, at 23-336.2 to 23-339.

WHEREFORE, for all the above-stated reasons, and for good cause shown, Plaintiffs request this Court Grant Final Approval of the Parties' settlement. Proposed Order, Attached hereto as Exhibit 3.

Respectfully submitted.

*/s/ David D. Dishman*
David D. Dishman (BBO#126210)
DISHMAN LAW, PC
224 Lewis Wharf
Boston, MA 02110
617-523-5252
david@dishmanlaw.com

*/s/ Tod A. Cochran*
Tod A. Cochran (BBO #643165)
PYLE ROME EHRENBERG PC
2 Liberty Square, 10th Floor
Boston MA 02109
617-367-7200
tcochran@pylerome.com

*/s/ Gregg C. Greenberg*
Gregg C. Greenberg, *pro hac vice*
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
301-587-9373
ggreenberg@zagfirm.com

Dated: March 22, 2024                         *Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed via the ECF system on March 22, 2024, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/Tod Cochran
Tod A. Cochran